JUAN CHARÓN, Plaintiff and Appellant, *v.* DOLORES RODRÍGUEZ, Defendant and Appellee.

No. 10678.   Argued October 1, 1952.—Decided November 16, 1953.

*José M. Valentín Esteves* for appellant.   *Vicente Hita, Jr.,* for appellee.

MR. JUSTICE SIFRE delivered the opinion of the Court.

In the former District Court of Puerto Rico, San Juan Section, appellant filed a complaint against his wife, praying for the dissolution and severance of the marriage relations and alleging as ground for the divorce, separation for more than three years.   The trial court issued a divorce decree, but imposed on plaintiff the payment of costs and attorney's fees.   He appealed from that part of the decree and prayed for reversal claiming that since he was the prevailing party,

the trial court should not order him to pay costs and attorney's fees.[1]

■ Appellant is right. Pursuant to paragraph 9 of § 96 of the Civil Code as amended by Act No. 62 of April 29, 1942 (Sess. Laws, p. 582), a cause for divorce is "Separation of both spouses for an uninterrupted period of more than three (3) years; provided, that when the separation ... is satisfactorily proved, the woman, when the judgment is rendered, shall always be considered as the innocent spouse, with all the rights inherent in such condition following divorce." [2] Based on that *proviso*, and on the evidence which showed that the appellant was responsible for the separation, the trial court included the award of which appellant complains, on the theory that for that reason the latter had become the defeated party.

In a suit based on that ground, there can be no investigation to determine which of the spouses was guilty of the separation, *Pérez* v. *León*, 52 P.R.R. 496; *Núñez* v. *López*, 62 P.R.R. 543, and in so doing the court below went beyond its field of authority. In view of that, it committed manifest error in declaring that the appellant, as the party responsible for the separation, was the guilty spouse.

■ The trial court also erred in deciding that based on this *proviso*, appellant should be considered the defeated party for the purposes of imposing costs and attorney's fees.

Since in an action for divorce based on separation for more than three years there may not be an investigation to determine which is the guilty spouse, it was necessary to establish certain rules in order to determine the rights which, in other actions not based on that ground, are acquired or lost according to the outcome of the litigation and for that purpose and to that end only the legislature provided that

---

[1] The appellee did not file a brief.

There is no conjugal property.

[2] This case does not involve the constitutionality of the *proviso*, which remains an unsettled question.

"the woman, when the judgment is rendered, shall always be considered as the innocent spouse, with all the rights inherent in such condition following divorce."  The Civil Code deals with those rights, and it is with reference to them that the aforesaid *proviso* is intended.[3]  Those are the rights which may be correctly considered as inherent in the condition of innocent spouse.  If the legislature had meant to

---

[3] Chapter V of Title IV of the Civil Code, provides in part the following:

"Section 105.—A divorce carries with it a complete dissolution of all matrimonial ties, and the division of all property and effects between the parties to the marriage.

"Section 106.—The party against whom the judgment is rendered shall forfeit to the party obtaining the divorce all gifts which the other party may have conferred upon such party during the marriage, or when the same was contracted, and the innocent party shall retain everything which has been acquired from the other.

"Section 107.—In all cases of divorce, the minor children shall be placed under the 'patria potestas' of the party who has obtained the decree; but the other spouse shall have the right to continue family relations with his or her children, in such manner and extension as the court may determine when rendering the judgment, as the case may be.

.    .    .    .    .    .    .    .    .    .

"Section 109.—If the divorced wife, in whose favor judgment was rendered, has not sufficient means of subsistence, the district court may allow her, in its discretion, an alimony out of the income, earnings, salary, or property of her divorced husband, which alimony shall not exceed one-fourth of the income, earnings, or salary received.

"If the divorce was decreed on grounds of separation, the wife may apply for the alimony referred to in the preceding paragraph if she has not sufficient means of subsistence.

"The alimony shall be revoked if it shall become unnecessary, or if the divorced wife contracts a second marriage, or if she lives in public concubinage or observes a licentious behavior."

Section 761 of the Code provides insofar as pertinent, that:

"Section 761.—The widower or widow who, on the death of his or her spouse is not divorced, or should be divorced through the fault of the deceased spouse, shall have the right to a portion in usufruct equal to that corresponding by way of legal portion to each of the legitimate children or descendants who have not received any advantage or extra portion.

"If only one legitimate child or descendant shall survive, the widower or widow shall have the usufruct of that third which is authorized by law to be applied to advantages or extra portions, the former preserving the naked ownership until, on the death of the surviving spouse, the full title is merged in him.

"If the spouses are separated by a suit for divorce, the result of the suit shall be awaited."

attach to the woman that condition for all the incidences and consequences of the judicial controversy it could have easily said so. Far from doing it, it limited its effects to the object we have set forth.

We are of the opinion, that the afore-cited *proviso* does not exclude the case at bar from the provisions of law on the allowance of costs and attorney's fees as set forth in § 327 of the Code of Civil Procedure as amended by Act No. 411 of May 11, 1951, (Sess. Laws, p. 1094) and pursuant to which, "The party in favor of whom a final judgment or decision is rendered shall be allowed costs, ..." as well as attorney's fees, if the trial court reaches the conclusion that the defeated party has acted with obstinacy.[4] We are also of the opinion that, within the sphere of said law the judgment was rendered in favor of the appellant. The court granted his petition: a divorce decree in which he prevailed over the defendant as to the only question which may be in issue in a suit based on the ninth ground for divorce, the fact of separation, as required by the statute, *Pérez* v. *León, supra; Núñez* v. *López, supra; Simonet* v. *Sandoval,* 63 P.R.R. 503, and which upon being denied by the defendant, was examined in the light of the evidence offered, the trial court having reached the following conclusion: "From the facts stated we conclude... that the plaintiff and the defendant have been separated totally and uninterruptedly for a period of about six years, wherefore plaintiff is entitled to obtain the dissolution of his marriage with the defendant as requested by him."

---

[4] In several cases we have decided that it is imperative to impose the payment of the costs on the defeated party, *Sánchez* v. *Cooperativa Azucarera,* 66 P.R.R. 330; *Colón* v. *Asociación Cooperativa Lafayette,* 67 P.R.R. 250; *Maysonet* v. *Heirs of Arcelay,* 70 P.R.R. 155; *Cerra* v. *Motta,* 70 P.R.R. 822; *Housing Authority* v. *Colón,* 73 P.R.R. 208, and that it is proper to order him to pay attorney's fees if he has been obstinate. That is still the prevailing doctrine.

In the case at bar appellant was ordered to pay to appellee a certain amount of money as *litis expensas,* but this case has nothing to do with that order.

From the point of view of the law of costs, appellant does not cease to be the party who obtained judgment, merely because the action brought by him has the peculiarity of not being predicated on the fault of any of the parties; and he does not cease to be so, since although as a matter of law no inquiry could be made as to the guilty spouse, the appellant in the case at bar exercised a right, to wit, a petition for a divorce decree on the ground that they had been separated for over three years, and the court acknowledged that right by sustaining his complaint and, as we have stated, by granting his petition. Nor does he cease to be the prevailing party because he did not obtain those rights which the Civil Code provides for the prevailing party in divorce suits not based on the ninth ground, inasmuch as the appellant knew, when he filed the action, that by express prohibition of law he could not obtain them. The appellee obtained them by a mere mandate of law.

In view of the conclusion we have reached, the decree will be modified, eliminating the pronouncement of costs and attorney's fees and ordering the appellee to pay costs but not the attorney's fees.[5] The decree, as modified will be affirmed.

---

[5] The trial court reached the conclusion that the appellee did not act with obstinacy in defending herself.